United States District Court
Southern District of Texas

**ENTERED**

March 31, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANE CLARK TORRES, | § | |
| TDCJ #1211067, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-13-3022 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | | |

## <u>MEMORANDUM AND ORDER</u>

Petitioner Dane Clark Torres (TDCJ #1211067), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 with the assistance of counsel.  (Docket Entry No. 1).  Petitioner challenges his December 4, 2003 convictions in the 230th Judicial District Court of Harris County, Texas, on three counts of aggravated sexual assault of a child.  Pending is Respondent William Stephens' supplemental motion for summary judgment asserting that the petition is barred under the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Docket Entry No. 17).  Petitioner has filed a reply asserting that the petition is timely.  (Docket Entry No. 18).  After considering all of the pleadings, the state court records, the attached evidence, and the applicable law, the court grants the respondent's motion and dismisses this case for reasons that follow.

## I.    BACKGROUND

According to the petition, on May 4, 2003, La Porte Police Department Officer Larkey responded to a call regarding the sexual assault of a child.  Katrina Torres, the mother of J.D., walked into her daughter J.D.'s bedroom that day and observed J.D. lying across Petitioner's lap.

The five-year-old child's nightgown was pulled up and Petitioner's right hand was underneath the hem of her panties and he was moving his fingers sideways. When Petitioner saw Katrina enter the room, he immediately removed his hand from J.D. Katrina took her daughter into the living room and asked her what she and her grandfather were doing.[1]

Eventually, J.D. disclosed that Petitioner would touch her with his thumb and would put her between his legs and move her buttocks and vagina over his penis. J.D. was later examined at the Child Assessment Center ("CAC") by Nurse C. M. Ellen Taft ("Nurse Taft"). The examination revealed evidence of blunt trauma, and five-year-old J.D. had disclosed vaginal and anal penetration.[2]

Specialized Interviewer Susan Odhiambo conducted three videotaped interviews with J.D. During those interviews, J.D. related that her grandfather, Petitioner, was doing "nasty things" to her, such as putting his "private" on her "private" and his "middle part" in her "middle part" and "butt."[3]

Petitioner was charged with three counts of aggravated sexual assault, and on October 9, 2003, he pled guilty to all counts.[4] In a judgment entered on December 4, 2003, Petitioner was sentenced to twenty-five years imprisonment for first degree felony aggravated sexual assault of a child in cause no. 955638, to run cumulative to cause no. 955639.[5] Petitioner did not file a direct appeal,[6] and therefore his judgment became final on January 5, 2004. *See* TEX. R. APP. P.

---

[1] *See* Petition, Docket Entry No. 1, at 13-14.

[2] *Id.*, at 14.

[3] *Id.*, at 14-15.

[4] *Id.*, at 15.

[5] State Court Judgment on Plea of Guilty in cause no. 955638, Docket Entry No. 16-6, at 00355-357.

[6] Petition, Docket Entry No. 1, at 16.

26.2(a)(1).

On June 15, 2004, the District Attorney's Office sent Petitioner a notice informing him as follows:

> This letter is to inform you that the above styled case contained a child sexual assault medical examination performed by nurse C. M. Ellen Taft at the Children's Assessment Center.
>
> Cases in which exams were performed by Nurse Taft have been peer reviewed by University of Texas Medical School physicians assigned to the Children's Assessment Center.   In a few of these cases, the opinion of the reviewing physician(s) is different than that of Nurse Taft.
>
> This notice is sent so that you may take whatever steps you deem necessary.[7]

The District Attorney contemporaneously filed the notice with the trial court, which also stated that "a copy of the peer reviewed examination will be provided to defense counsel upon request."[8]

On July 11, 2008, Petitioner filed an Application for Writ of Habeas Corpus in the 230th District Court of Harris County, Texas, seeking a new trial on the grounds that he was denied effective assistance of counsel; his plea was involuntary; and he was denied due process by the suppression of *Brady* evidence.[9]   On October 4, 2011, during the state habeas proceedings, Assistant District Attorney Denise Oncken ("Oncken") submitted an affidavit clarifying the time line of events in Petitioner's case, indicating that the District Attorney's Office had been informed on November 20, 2003:

---

[7] Docket Entry No. 18-1, Ex. 1, at Bates No. 00046.

[8] *Id.*, at Bates No. 00047.

[9] *Id.*, at 8; *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

> Nurse Taft was no longer working at the Children's Assessment Center. We were notified by UT Medical that Nurse Taft had been asked to 'take some time off.' We did not know any specific reasons for this. We were not, at that time, advised that there was any problem with her professional work. We were told that someone else would peer review her records 'in a timely fashion' so that necessary witnesses and information for our trials would be ready for the Assistant District Attorneys who needed it.[10]

Oncken testified further that Petitioner was sentenced on December 4, 2003, the medical examination of J.D. was peer reviewed on December 5, 2003, and the findings in the peer review by the physician were not significantly different from Nurse Taft's assessment.[11] The Texas Court of Criminal Appeals denied Petitioner's application without a written order on March 20, 2013.[12]

In a federal habeas petition dated October 14, 2013, Petitioner now challenges his convictions. (Docket Entry No. 1). Petitioner alleges that: (1) the State failed to disclose exculpatory evidence; (2) his guilty plea was involuntary because trial counsel was ineffective for failing to investigate the credibility of the sexual assault examiner; and (3) trial counsel was ineffective for failing to conduct an independent investigation and failing to obtain an expert to review the State's medical evidence.[13]

Petitioner seeks habeas corpus relief based on evidence discovered during state habeas proceedings, which Petitioner asserts was wrongfully withheld by the State in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Petitioner alleges that his decision to plead guilty was based, in part, on a medical report issued by Nurse Taft of the CAC, whose examination of the

---

[10] Second Affidavit of Denise Oncken, Docket Entry No. 18-3, Ex. 3, at Bates No. 00252.

[11] *Id.*

[12] Action Taken Sheet, Docket Entry No. 16-10, at 2.

[13] Petition, Docket Entry No. 1, at 9, 25-44.

victim showed medical evidence that was "concerning for sexual abuse."[14]  Petitioner alleges that after his guilty plea, but prior to his sentencing, the CAC terminated Nurse Taft's employment and initiated an investigation into the reliability of her work.  Petitioner asserts that the District Attorney's Office was aware of these facts but failed promptly to notify Petitioner and, instead, allowed his sentencing to go forward.[15]

Noting that Petitioner's claims concern convictions and sentencing that became final in early 2004, and that any factual predicate for the issues with Nurse Taft accrued on or around June 15, 2004, when the District Attorney sent the notice about Nurse Taft to Petitioner, Respondent argues that the petition must be dismissed as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d).

Petitioner contends that the petition is not time-barred because he filed his petition within one year of "the date on which the facts supporting the claim or claims presented could have been discovered, through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), or because state action conducted in violation of the Constitution prevented Petitioner from the timely filing of his claims, *id*. § 2244(d)(1)(B), or that his claims should be equitably tolled.

## II.   STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  The moving party bears the burden of initially raising the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.,* 950 F.2d 272, 276

---

[14] *Id*. at 14.

[15] *Id*. at 16-21.

(5th Cir.1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner,* 18 F.3d 1285, 1295 (5th Cir.1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.,* 37 F.3d 22 4, 227 (5th Cir.1994).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke,* 542 U.S. 27 4 (2004).

## III.   DISCUSSION — The One-Year Statute of Limitations Imposed by the AEDPA

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Under the AEDPA, a habeas corpus petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (1)    A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2015).

Respondent argues that the Court must dismiss this action with prejudice because Petitioner has failed to file his federal writ petition within the statute of limitations provided in section 2244(d).  Petitioner's judgment became final for purposes of federal habeas corpus review on January 5, 2004, when the time to file an appeal expired.  Thus, absent tolling, the one-year statute of limitations for the AEDPA expired on January 5, 2005.  *See* 28 U.S.C. § 2244(d)(1)(A).  Petitioner's state habeas application was filed on July 11, 2008, over three years after the expiration of the January 5, 2005, deadline.  As Respondent correctly points out, the tolling provisions found in § 2244(d)(2) do not apply.  *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Therefore, Petitioner's pending federal habeas petition, which was filed on October 14, 2013, is late by more than eight years and is therefore time-barred unless an exception applies. Unless Petitioner can establish that the State prevented him from filing for federal habeas corpus relief through a violation of the Constitution or that the factual predicate for the claim or claims presented could not have been discovered in a timely fashion through the exercise of due diligence, he is not entitled to statutory tolling under  28 U.S.C. § 2244(d)(1)(B) or (D).[16]

---

[16] Petitioner does not contend that a newly recognized constitutional right that has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review such that the statutory tolling provision found in 28 U.S.C. § 2244(d)(1)(C) could apply to toll his claims.

A.    **Tolling under 28 U.S.C. § 2244(d)(1)(D).**

Petitioner contends that his petition is timely because, despite the June 15, 2004 notice, the factual predicate for his claims was only discovered during the state habeas process in 2011. *See* 28 U.S.C. § 2244(d)(1)(D).  Respondent contends that Petitioner discovered, or should have discovered through the exercise of due diligence, the factual predicate of his claims on or around June 15, 2004, when the State sent him the notice about Nurse Taft.

The summary judgment evidence establishes that Petitioner was sent a letter from the District Attorney's Office dated June 15, 2004 informing him that: (1) his case contained a child sexual assault medical examination performed by Nurse Taft at the CAC; (2) cases in which exams were performed by Nurse Taft had been peer reviewed by University of Texas Medical School physicians assigned to the CAC; (3) in a few of these cases, the opinion of the reviewing physician(s) was different than that of Nurse Taft; and (4) the notice was sent so that petitioner could take whatever steps he deemed necessary.[17]  The evidence also reflects that the District Attorney filed this notice in Cause Numbers 955638, 955639, 960393, in the 230th Judicial District Court of Harris County, further notifying counsel that "[a] copy of the peer reviewed examination will be provided to defense counsel upon request."[18]

Petitioner contends that the June 15, 2004 notice was insufficient to provide the factual predicate for his federal habeas claims because it did not explain that Nurse Taft had been terminated for her performance.  Yet, contrary to Petitioner's contentions, the June 15, 2004 letter apprises him that (1) Nurse Taft was the person who examined the complainant; (2) Nurse Taft's work was being subjected to peer review by University of Texas Medical School

---

[17] Docket Entry No. 18-1, Ex. 1, at Bates No. 00046.

[18] *Id.*, Ex. 1, at Bates No. 00047.

physicians; and (3) the physicians had disagreed with Nurse Taft's findings in a few cases.  This informed Petitioner that some of Nurse Taft's work had been called into question.  Therefore, he was notified of the factual predicate for his claims on or around June 15, 2004.  Petitioner does not raise a fact issue that section 2244(d)(1)(D) applies to extend his limitations period to make his October 14, 2013 federal habeas corpus petition timely.

### B.      Tolling under 28 U.S.C. § 2244(d)(1)(B).

The commencement of the AEDPA one-year limitations period is tolled "if an applicant is 'prevented from filing' due to an 'impediment to filing an application created by State action in violation of the Constitution or laws of the United States.'"  *Clarke v. Rader*, 721 F.3d 339, 342 (5th Cir. 2013) (quoting 28 U.S.C. § 2244(d)(1)(B)).  In such a case, the limitations period is tolled until the state-created impediment "is removed." *Id.* "A petitioner alleging a state-created impediment has the burden to show that '(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law.'" *Id*. (quoting *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003)).

Petitioner claims that he is entitled to statutory tolling under section 2244(d)(1)(B) because the State allegedly prevented him from filing his section 2254 petition by failing to disclose that Nurse Taft was no longer working at the CAC due to her performance.  Petitioner alleges that it was not until October 4, 2011, when Oncken submitted an affidavit clarifying a "more specific timeline" concerning Nurse Taft, that he was apprised of the potential problems with her evidence.

As discussed previously, Petitioner was notified of the problems with Nurse Taft's examinations on or around June 15, 2004 when he received the notice stating that her findings were different from doctors' findings on peer review in a few of her cases; thus Petitioner does

not establish that any action of the State prevented him from timely filing his petition.

Moreover, even if the State did know and withhold information from Petitioner about Nurse Taft before he pled guilty, the United States Supreme Court has found that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz,* 536 U.S. 622, 633 (2002); *accord Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000); *Matthew v. Johnson,* 201 F.3d 353, 360-64 (5th Cir. 2000) ("Because a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation."). Because Petitioner does not establish that the State violated the Constitution by its failure to disclose more detailed information about Nurse Taft and thereby prevented him from timely filing his petition, he is not entitled to statutory tolling under section 2244(d)(1)(B).

### C.   Equitable Tolling

Even if a habeas petitioner is not eligible for statutory tolling, the AEDPA's one-year limitations period can still be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that AEDPA's one year limitations may be tolled for equitable reasons because the statute of limitations defense is not jurisdictional). A petitioner seeking equitable tolling has the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Clarke*, 721 F.3d at 344.

A petitioner seeking equitable tolling bears the burden of proof. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). The statute of limitation found in the AEDPA may be equitably

tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner does not present evidence to establish his entitlement to equitable tolling.  The record discloses that Petitioner delayed seeking any habeas corpus relief for over four years, without any valid justification, after he had notice that some of Nurse Taft's cases had been called into question.  Petitioner does not demonstrate due diligence.

Petitioner also gives no compelling reason to apply equitable tolling here.  Petitioner's guilty plea undermines the substance of any claim under *Brady,* upon which his other claims, according to him, depend.  *See Ruiz,* 536 U.S. at 633; *Orman*, 228 F.3d at 617; *Matthew,* 201 F.3d at 360-64.

Petitioner does not otherwise allege that he was prevented from seeking timely federal review by any rare or extraordinary circumstance.  Based on this record, Petitioner has not established that he is entitled to equitable or statutory tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief.  Therefore, a certificate of appealability will not issue.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    The respondent's supplemental motion for summary judgment (Docket Entry No. 17) is **GRANTED**.

2.    The habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 30th day of March, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE